IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK ALAN CHAR, #A0234438, | ) | CIV. NO. 18-00202 HG-RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | IN PART AND STAYING ACTION |
| vs. | ) | |
| | ) | |
| ANTHONY SMITH, ASHLEY | ) | |
| STIBBARD, ALAN LU, VICTOR | ) | |
| LAU, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

Pro se Plaintiff Mark Alan Char is incarcerated at
the Oahu Community Correctional Center ("OCCC"). Char
alleges that Defendants Honolulu Police Department
("HPD") Officers Anthony Smith, Ashley Stibbard, Alan
Lu, and Victor Lau violated his federal civil rights
and state law during his arrest on June 2, 2016.[1] *See*
Comp., ECF. No. 1, PageID #6-#9.

_____

[1] Char was arrested for assault in the second degree and
criminal property damage IV, in violation of Haw. Rev. Stats.
§§ 707-711(1)(a) and 708-823 (respectively) and is currently
awaiting trial in this case. *See State v. Char*, 1PC161001291
(Haw. 1st Cir. Ct., June 2, 2016), avail. at:
www.courts.state.hi.us. (last visited July 25, 2018).

On June 19, 2018, the Court issued an ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER AND DISMISSING MOTION FOR APPOINTMENT OF COUNSEL. ECF No. 5. Plaintiff was ordered to either (1) pay the filing fee or (2) submit a complete in forma pauperis application containing the prison's certification of the amount in his prison account, a copy of his past six month prison account statement, and his best estimation of his personal assets. Id. On July 23, 2018, Plaintiff paid the filing fee. ECF No. 6.

Char's Complaint is DISMISSED IN PART pursuant to 28 U.S.C. § 1915A(a-b) for failure to state a colorable claim for damages against Defendants named in their official capacities.

Char's claims regarding his arrest on June 2, 2016, for which he is awaiting prosecution, are STAYED pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). The Clerk is DIRECTED to administratively close this case.

# I. __STATUTORY SCREENING__

Because Char is a prisoner alleging claims against government officers, the court screens his pleadings pursuant to 28 U.S.C. § 1915A(a).[2]  The court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Screening under § 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.  "Threadbare recitals of the elements of a cause of action, supported by mere

---

[2]Char has paid the filing fee.

conclusory statements, do not suffice." *Iqbal*, 556
U.S. at 678.

Pro se litigants' pleadings must be liberally
construed and all doubts should be resolved in their
favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.
2010) (citations omitted). Leave to amend must be
granted if it appears the plaintiff can correct the
defects in the complaint. *Lopez v. Smith*, 203 F.3d
1122, 1130 (9th Cir. 2000) (en banc).

## II.   <u>BACKGROUND</u>[3]

On June 2, 2016, Officer Smith confronted Char in
Char's doctor's office parking lot, where Char went for
help after allegedly being the victim of road rage.
Smith ordered Char to put his hands on his car.  Char
raised his hands, but did not put his hands on the car
because it had been pepper sprayed.  Smith then pulled
Char's right arm behind him, allegedly dislocating

---

[3]Char's facts are accepted as true and construed in the
light most favorable to him. *See Nordstrom v. Ryan*, 762 F.3d 903,
908 (9th Cir. 2014) ("*Nordstrom I*").

Char's shoulder, although Char says he was not resisting arrest.  Char alleges Smith intentionally, recklessly and negligently injured him during this encounter.  *See* Compl., ECF No. 1 (Count I (excessive force) and Count IV (negligence)).

Char next claims that Defendants arrested him to cover up Smith's alleged use of excessive force during the arrest.  *Id.* (Count II (abuse of process) and Count III (intentional infliction of emotional distress "IIED")).

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link

between the injury and the violation of his rights.
*See Monell v. Dep't of Social Servs.*, 436 U.S. 658
(1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377
(1976).

## A. Official Capacity Claims

Char names Defendants in their individual and
official capacities; he does not name either HPD or the
City and County of Honolulu ("Honolulu C&C"). An
"official-capacity suit is, in all respects other than
name, to be treated as a suit against the entity."
*Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also*
*Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Larez v.*
*City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Such
a suit "is *not* a suit against the official personally,
for the real party in interest is the entity." *Graham*,
473 U.S. at 166.

A local government entity such as the HPD or the
C&C "may not be sued under § 1983 for an injury
inflicted solely by its employees or agents. Instead,
it is only "when execution of a government's policy or
custom, whether made by its lawmakers or by those whose

edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Neither HPD nor the Honolulu C&C may be held liable for the actions of the individual Defendants whose conduct gave rise to Char's claims unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91.

Char alleges no unconstitutional policy or custom that Defendants were following. Rather, he alleges a series of acts that Defendants allegedly took in their personal capacities that allegedly violated his rights. Char's damages claims against Defendants named in their official capacities fail to state a claim and are DISMISSED.

## B.   Younger Abstention Doctrine

In *Younger v. Harris*, the Supreme Court held that a federal court is prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" warranting federal intervention.  401 U.S. at 43-54; *see also Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding *Younger* abstention applies to damages actions).  Under the Younger Abstention Doctrine, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them.  *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

*Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).  When

the *Younger* elements are present, the federal court may exercise jurisdiction only when state proceedings are conducted in bad faith or extraordinary circumstances exist. *Baffert*, 332 F.3d at 617.

*Younger*'s criteria are all present here. First, Char is a pretrial detainee awaiting prosecution on the charges that he challenges herein, his alleged false arrest by use of excessive force and abuse of process. No final judgment has been issued and state court criminal proceedings are ongoing. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("'Final judgment in a criminal case means sentence. The sentence is the judgment.'") (citation omitted).

Second, Hawaii has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (explaining that the enforcement of state court judgments and orders implicates important state interests); *People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) (stating, "[A state's] ability to protect its

citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty."); *Nichols v. Brown*, 945 F. Supp. 2d 1079, 1096 (C.D. Cal. 2013).

Third, Char is represented by counsel in his pending state criminal proceeding and he has ample opportunity to raise the constitutional claim he raises here in that proceeding. That is, Char can argue, as he suggests in the Complaint, that the criminal case against him is a sham to coverup and excuse Defendant Smith's allegedly unlawful use of force. "The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999).

To maintain a parallel case in this federal court on Char's civil excessive force claim, while the related state criminal case is pending and the claim may be used as a defense to his charges, would amount to interference in the state criminal case. This is

precisely what the Younger Abstention Doctrine prohibits.

All of the elements required to invoke the Younger Abstention Doctrine are present here. Nothing indicates that Char's state proceedings are being conducted in bad faith or that any extraordinary circumstances exist. The Court therefore abstains from interfering in Char's ongoing state criminal proceedings until they are concluded.

Char seeks damages only and "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d at 968; *accord Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689‑90 (9th Cir. 2009) ("[B]ecause in damages cases there may yet be something for the federal courts to decide after completion of the state proceedings . . . [t]he district court ‑ quite appropriately  did not dismiss under *Younger* but stayed the proceedings pending the final decision of the California courts.").

Staying a damages action is also consistent with *Wallace v. Kato*, 549 U.S. 384 (2007), which held that to preserve a plaintiff's civil claim "related to rulings that will likely be made in a pending or anticipated criminal trial," the district court has the power, "in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Id.* at 393-94. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994),] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394.

## IV.  CONCLUSION

(1)  The Complaint is DISMISSED IN PART pursuant to 28 U.S.C. § 1915A(b)(1).  Specifically, Char's claims for damages against Defendants named in their official capacities fail to state a claim and are dismissed.

(2) The remaining claims in this action are STAYED. Char SHALL report to the court within **thirty [30] days** after the conclusion of his criminal proceedings in

*State v. Char*, Cr. No. 1PC161001291 (Haw. 1st Cir. Ct.,
June 2, 2016), including direct review.  At that time,
Char SHALL NOTIFY the Court of the outcome of his
criminal proceeding and declare his intent to proceed
with this action.  If there is no longer a need to
abstain, the Court will reopen this action.

(3)  IN THE ALTERNATIVE, Char may notify the court
in writing within thirty [30] days of the date of this
Order that he elects to voluntarily dismiss this action
without prejudice.  In that event, the Court will
refund the filing fee that he has paid, lift the stay,
and terminate this action.

(4) The Clerk of Court is DIRECTED to note that
this suit is STAYED and to administratively close this
action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 1, 2018.

Helen Gillmor
United States District Judge