IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK ALAN CHAR, #A0234438,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY SMITH, ASHLEY STIBBARD, ALAN LU, AND VICTOR LAU,<br><br>Defendants. | Civ. No. 18-00202 HG-WRP<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION |

FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION

On May 25, 2018, pro se Plaintiff Mark Alan Char (Plaintiff) filed his Prisoner Civil Rights Complaint against Defendants Anthony Smith, Ashley Stibbard, Alan Lu, and Victor Lau. See Complaint, ECF No. 1. Following dismissal of the Complaint and Plaintiff's subsequent appeal, the Ninth Circuit Court of Appeals vacated the judgment and remanded the case for further proceedings. See Ninth Circuit Memorandum, ECF No. 19. The Court thereafter directed service of the Complaint by the United States Marshal. See Order Directing Service, ECF No. 22.

On October 6, 2025, the Court stayed the remaining claims in this action "pending resolution of Plaintiff's criminal proceedings in State v. Char, Cr. No. 1PC161000903 (Haw. 1st Cir. Ct.)" (the state criminal case). Minute Order dated October 6, 2025, ECF No. 25. The Court also directed Plaintiff to "file a status report within thirty (30) days of the conclusion of his criminal proceedings" and to notify the Court "of the outcome of his criminal proceeding and declare his intent to proceed with this action." Id.

On June 3, 2026, this Court took judicial notice of the Notice of Suggestion of Death (Suggestion of Death) that was filed in Plaintiff's state criminal case. See Minute Order dated June 3, 2026, ECF No. 26. The Suggestion of Death "[gave] notice that, based upon information and belief, the [Mark Char] is deceased, having passed away on February 7, 2026." Id. (citing Suggestion of Death). Following entry of the Suggestion of Death, the state criminal case was closed. See id.

The Court also noted that the June 3, 2026 Minute Order served as the "'statement noting the death' under Federal Rules of Civil Procedure Rule 25(a)(1), which starts the 90-day deadline for the filing of '[a] motion for substitution . . . by any party or by the decedent's successor or representative.'" Minute Order dated June 3, 2026, ECF No. 26 (citing Fed. R. Civ. P. 25(a)(1)). Any motion for substitution was due on September 1, 2026. Id. In an

effort to provide Plaintiff's next of kin with notice of the September 1, 2026 deadline, the Court emailed a copy of the June 3, 2026 Minute Order to Plaintiff's spouse. See Sealed Correspondence, ECF No. 30. On June 16, 2026, Plaintiff's spouse responded by email, stating that she does not want to be a successor or representative for Plaintiff in this lawsuit. See Sealed Correspondence, ECF No. 31. No other filings have been made in this case since then.

Federal Rules of Civil Procedure Rule 25(a)(1) governs the substitution of a party who dies and provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

In this case, Plaintiff died on February 7, 2026, and this Court's Minute Order dated June 3, 2026 "serve[d] as the 'statement noting the death'" under Rule 25(a)(1). See Minute Order dated June 3, 2026, ECF No. 26. Therefore, any motion for substitution was due ninety days later, on September 1, 2026. See Minute Order dated June 3, 2026, ECF No. 26 ("Accordingly, any motion for substitution is due no later than 9/1/2026"). No motion for substitution has been filed, and Plaintiff's spouse informed the Court that she does not want to

be a successor or representative for Plaintiff in this lawsuit. See Sealed Correspondence, ECF No. 31. Consequently, according to the plain language of Rule 25(a)(1), "the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Therefore, the Court RECOMMENDS that the stay of this case be lifted and this case be DISMISSED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 8, 2026.

Wes Reber Porter
United States Magistrate Judge